**STATE of Tennessee, Appellee,**

v.

**David Q. GREER, Defendant/Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 25, 1988.

Permission to Appeal Denied by Supreme Court May 2, 1988.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Doug Godbee, Asst. Dist. Atty. Gen., for appellee.

Thomas A. Peters, Church Hill, for defendant/appellant.

## OPINION

BIRCH, Judge.

The defendant, David Greer, convicted of two counts of burglary second degree and two counts of larceny and given a term of 25 years as an effective sentence, appeals as of right, presenting for our review the following issues:

1. Whether the trial court should have suppressed defendant's confession;

2. Whether the trial court should have granted a new trial because of changed testimony and "newly discovered evidence";

3. Whether the evidence is insufficient to support the verdict.

We find no reversible error and affirm.

Addressing the sufficiency issue first, the salient facts showed that while being questioned about burglaries in Sullivan County, defendant admitted committing burglaries in Hawkins County. Officer Warren Rimer of the Hawkins County Sheriff's Department was called; he responded and questioned the defendant in Blountville. The defendant advised him that he could neither read nor write, and then proceeded to relate details of the burglaries to the officer, who wrote down the statement as defendant gave it, reading it back to him slowly. An additional statement was taken, and defendant signed both. While the defendant hints at an impaired condition due to alcohol, the statements are clear and in plain language. The state's additional proof tended to show that two dwelling houses had been entered during the daytime and various items of personal property had been taken.

Defendant's witnesses focused on his "mildly retarded" condition, and his inability to read or write.

Defendant contends that this proof is insufficient to sustain the jury verdict of guilty.

We think the proof is more than ample to support the verdict.

■ When the sufficiency of the evidence is challenged, the standard for appellate review is whether, after considering the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable and legitimate inferences which may be drawn from the proof. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). In a criminal action, a conviction will be set aside only where the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tennessee Rules of Appellate Procedure 13(e). The evidence of defendant's guilt in each case more than satisfies this standard. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

This issue has no merit.

■ Defendant says that his confession should have been suppressed. He reasons that because he could neither read nor write, he could not have understood his statement as it was read back to him. It does not necessarily follow that an illiterate person can not understand the spoken word. To accept this reasoning is to conclude that the defendant could not understand the very words he used. This obviously is not the case. Nor is it the case that a person who is mildly retarded is incapable of confessing a crime.

From the record, we find that Officer Rimer was painstaking in his handling of this defendant. He read the statements back to him slowly to make certain of their correctness. He gave the defendant an opportunity to correct inaccuracies.

The trial judge's ruling has the weight of a jury verdict on appeal if there is any material evidence to support it. *State v. Pritchett,* 621 S.W.2d 127, 133 (Tenn.1981).

All of the evidence supports the finding of the trial judge that the statements were freely and voluntarily made. There is no evidence to the contrary. This issue has no merit.

Defendant next insists that he is entitled to a new trial because of "changed" testimony and because of the report received from the mental health authorities.

■ At the suppression hearing, Officer Rimer testified as follows:

THE COURT: Now let me ask a question before you do, Mr. Peters.

When you took these statements from him, did you suggest these, I mean, did you say, were you and so and so together, did you go somewhere and do so and was he just answering yes and no; or

were you asking him what was happening and was he giving you the details?

MR. RIMER: I asked him what was happening and he give me the details.

THE COURT: Did you know the details, yourself?

MR. RIMER: No sir. I just asked him straight forward simple questions. Who was with him, where the houses were at, what was taken, what kind of a car they were in, where were the items out of the house sold, and just straight forward questions of that nature.

At trial, his testimony was:

Q And as you were questioning Mr. Greer and as you were writing this statement down, you were advising him of what items had been missing from where, is that correct?

A No sir, uh-huh.

Q You deny that you mentioned the guitar to him before he mentioned it to you?

A I asked him if he'd been involved in a break-in in Hawkins County where a guitar was missing, yes sir.

Q All right sir.

A That's the only item that was mentioned.

Q And did you say anything to him that you wanted him to admit that he took the guitar?

A I asked him if he'd been into the house in Hawkins County where a guitar was taken, yes sir.

Q What other items did you ask him if he had taken?

A None that I remember. Maybe some VCR's and microwave ovens could have been mentioned, I'm not sure.

Q All right sir and these were also items that you asked him if he took, is that right?

A Yes sir.

While Officer Rimer's testimony at trial may vary somewhat from his testimony at the suppression hearing, we perceive it as a variance of form rather than of content. Certainly we do not here have a case of testimonial contradiction as to a material matter. Additionally, the defendant had every opportunity to impeach Officer Rimer because of the so-called prior inconsistent statement.

The question simply becomes whether the "changed" testimony was such to convince the trial judge to reverse his previous finding of voluntariness of the confession. Apparently the judge was not convinced, for he expressly re-affirmed his finding of voluntariness of the confession in overruling the motion for new trial.

■ Regarding the psychological information received after trial, the proof shows that the trial judge did consider it as "new evidence." He commented as follows:

I do agree that there has been some new evidence and the Court should take a new look of the intellectual ability of the defendant. But he functions, as they say, at the upper range of mild retardation. It just simply to the extent that alone and weighting the evidence and making a judgment about whether or not to suppress the evidence requires a totality of circumstances test. In this case, he was putting the new circumstances into that totality of circumstances test. It doesn't require the Court to make a new decision about the motion to suppress. I think, without any question, this statement was voluntarily and intelligently made on the defendant's part and that would, also, be in view of the fact that the officer testifed (sic) at trial that he, in fact, brought up the idea or mentioned a guitar.

These issues have no merit.

We find no reversible error. The conviction is affirmed, as are the judgments which result therefrom.

SCOTT, J., and JAMES C. BEASLEY, Sr., Special Judge, concur.